**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

---

TINA CROW

VERSUS

WALMART, INC.

CIVIL ACTION NO. 25-1379

JUDGE ALEXANDER C. VAN HOOK

MAGISTRATE JUDGE HORNSBY

---

## <u>MEMORANDUM RULING</u>

Before the Court is a Motion to Compel Arbitration and Stay Litigation filed by Defendant Walmart Inc. ("Walmart"). Record Document 9. Plaintiff Tina Crow ("Ms. Crow") filed a Memorandum in Opposition, Record Document 11, and Walmart filed a Reply. Record Document 14. For the reasons assigned herein, Walmart's motion is **GRANTED**.

## <u>BACKGROUND</u>

Walmart is a national retailer incorporated in Delaware with its principal place of business in Bentonville, Arkansas. Record Document 9-2 at 1. Walmart uses the Spark Driver Platform ("Spark"), an app-based delivery platform, to connect independent contractors to deliver merchandise from Walmart stores to customers' homes. *Id.* Ms. Crow was one such independent contractor.

This lawsuit arises from a dispute between Ms. Crow and Walmart where Ms. Crow alleges that Walmart improperly deactivated her from Spark causing "$250,000 in actual damages from lost Spark driver income, emotional distress, privacy violations, and fraud…." Record Document 1 at 4. Walmart does not address these

allegations and instead claims that Ms. Crow signed a binding arbitration agreement and filed this lawsuit in violation of the agreement. Record Document 9 at 1.

When an independent contractor seeks to become a Spark driver, he or she must sign up through Spark and use an electronic signature to sign various onboarding documents and agreements. Record Document 9 at 2. On October 28, 2023, Ms. Crow and Walmart entered into an agreement titled Non-Disclosure and Dispute Resolution Agreement (the "Agreement"). *Id.* at 3. The Court has carefully reviewed the terms of the Agreement.

The introductory paragraph of the Agreement signed by Ms. Crow clearly provides that Spark drivers agree to arbitrate claims against Walmart:

> **IMPORTANT: Please review this Agreement carefully**. This Agreement is a binding contract that addresses important legal issues. Entering into the Agreement, including the **Arbitration Provision in Section II below**, will affect your legal rights. It is your sole responsibility to read and understand this Agreement and its **Arbitration Provision, WHICH REQUIRES THE PARTIES TO RESOLVE ALL DISPUTES ON AN INDIVIDUAL BASIS IN FINAL AND BINDING ARBITRATION TO THE FULLEST EXTENT PERMITTED BY LAW, UNLESS YOU OPT OUT OF ARBITRATION AS PROVIDED IN THE ARBITRATION PROVISION.** The Arbitration Provision shall be governed exclusively by the Federal Arbitration Act ("FAA")…

Record Document 9-2 at 6 (emphasis in original). Based on the Agreement, Walmart moves to compel arbitration. Record Document 9.

2

## LAW AND ANALYSIS

### I.      Motion to Compel Arbitration

#### A.      Legal Standard

The Federal Arbitration Act ("FAA") governs the enforcement of written arbitration agreements implicating interstate commerce. 9 U.S.C. § 1 *et seq*; *see also Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001). "The first question to be addressed in adjudicating a motion to compel arbitration under the FAA is whether the parties agreed to arbitrate the dispute in question. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *American Heritage Life Ins. Com. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003) (internal citations and quotations omitted).

#### B.      Analysis

In this case, the parties do not dispute that there was an enforceable arbitration agreement in place. Rather, Ms. Crow alleges that Walmart made it impossible for her to arbitrate her claims, sabotaged the process, and "waived any right to arbitration through its inconsistent and prejudicial conduct." Record Document 11 at 3. The Court disagrees. Rather, based on the evidence before the Court, Ms. Crow did not follow the clearly delineated procedures for selecting an arbitrator before bringing this cause of action.

The Agreement specifically provided that the "Arbitrator shall be selected by mutual agreement of the parties." Record Document 9-2 at 19. If the parties cannot agree on an arbitrator, "[t]he court shall then appoint an Arbitrator, who shall act

under this Arbitration Provision with the same force and effect as if the Parties had selected the Arbitrator by mutual agreement." *Id.*

In this case, Ms. Crow's opposition to Walmart's Motion to Compel Arbitration, along with copies of her emails contained in the record, confirm that she attempted to unilaterally select the arbitrator and filed an arbitration demand in July of 2025 with the American Arbitration Association ("AAA"). Record Document 11 at 4; *see also* Record Document 9-3 at 11, 13, and 21. Although there was some procedural wrangling between the parties and AAA, AAA administratively closed the arbitration on September 2, 2025, because Walmart insisted that AAA and Ms. Crow use the Commercial Arbitration Rules as required by the Agreement. *Id.* at 43 and 47.

Prior to AAA's administrative closure, Walmart reached out to Ms. Crow on August 9, 2025, and offered to exchange a list of arbitrators in an attempt to find a mutually acceptable arbitrator as required by the Agreement. Record Document 17-1 at 5. Rather than engage with Walmart to select a neutral arbitrator, Ms. Crow proceeded to ligation.

In her opposition to Walmart's Motion to Compel Arbitration, Ms. Crow insists that Walmart waived its right to arbitration because it acted in bad faith and "tried to impose the wrong rules that would strip [her] of costs and procedural protections." Record Document 11 at 5. The Court has carefully reviewed all the correspondence between Walmart and Ms. Crow and does not agree that Walmart acted in bad faith. In fact, Walmart repeatedly tried to work with Ms. Crow but insisted that she follow the clear terms of the Agreement. Rather than engaging in arbitration in a

4

meaningful way, Ms. Crow threatened expensive and public litigation if Walmart did not meet her demands. *See e.g.* Record Document 9-3 at 11, 22-23.

Finding the Agreement, including its arbitration provisions enforceable, the Court grants Walmart's Motion to Compel Arbitration (Record Document 9) and pursuant to 9 U.S.C. § 4 directs the parties to proceed to arbitration in accordance with the terms of the Agreement. If Walmart and Ms. Crow cannot agree on the selection of an arbitrator, either party may file an application with the Court, and the Court will select an arbitrator consistent with the Agreement and the FAA. *See* Record Document 9-2 at 18; *see also* 9 U.S.C. § 5.

Having found that this dispute is subject to mandatory arbitration as provided in the Agreement, the Court now turns to Walmart's Motion to Stay. Section 9 of the FAA clearly provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement**, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 5 (emphasis added). Accordingly, Walmart's Motion to Stay is granted. Although the Court recognizes that a stay of this action will promote judicial economy, as time passes the facts and circumstances of this case may change. Therefore, the Court will continue to monitor the status of the arbitration proceedings and will require the parties to periodically submit joint status reports. If the parties

cannot agree to a joint status report, each party shall submit its own status report and identify the source of disagreement.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Walmart's Motion to Compel Arbitration and Stay Litigation, Record Document 9, is **GRANTED**. The parties shall file an initial status report by October 1, 2026, and updated status reports every six months thereafter. If the parties resolve the claims at issue, the parties shall notify the Court within seven days of the resolution.

**DONE AND SIGNED** in Shreveport, Louisiana, this 1st day of May, 2026.

**ALEXANDER C. VAN HOOK**
**UNITED STATES DISTRICT JUDGE**