**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| TINA CROW | CIVIL ACTION NO. 25-1379 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| WALMART, INC. | MAGISTRATE JUDGE HORNSBY |

## <u>MEMORANDUM RULING</u>

Tina Crow ("Crow") worked as a contractor for "Spark Driver," an app-based delivery platform hosted by Walmart, Inc. ("Walmart"). *See* Record Document 1 at 5. Crow filed a complaint against Walmart alleging that it "wrongfully deactivated" her "driver account" and consequently deprived her of income. *Id.* When Crow signed up for the Spark Driver platform, she entered into an arbitration agreement with Walmart. Record Document 9-2 at 3. As such, the undersigned entered an order staying this litigation and compelling the parties to arbitrate their dispute. Record Document 19.

The parties' arbitration agreement dictated: "[t]he Arbitrator shall be selected by mutual agreement of the Parties. Unless the parties mutually agree otherwise, the Arbitrator shall be an attorney with experience in the law underlying the dispute or a retired federal or state judicial officer." Record Document 9-2 at 18. When the parties could not agree on an arbitrator, their arbitration agreement stated: "…either party may apply to a court of competent jurisdiction under 9 U.S.C. § 5 for appointment of a neutral arbitrator or arbitration provider. The court shall then

appoint an arbitrator, who shall act under this Arbitration Provision with the same force and effect as if the Parties had selected the Arbitrator by mutual agreement." *Id.*

Crow has filed a motion asking the Court to appoint an arbitrator. Record Documents 20, 24. According to Crow, the parties have not been able to mutually agree on an arbitrator despite their extensive efforts. *Id.* at 1. For its part, Walmart claims that the parties did mutually agree on an arbitrator because Crow proposed that E. Phelps Gay ("Mr. Gay") serve as the arbitrator for their dispute. Record Document 22 at 3. Following a strike procedure, Walmart said that it assented to the appointment of Mr. Gay as their arbitrator. *Id.*

To begin, the Court finds that the parties did not reach a mutual agreement on the selection of an arbitrator. Although Walmart did eventually agree to the appointment of Mr. Gay, it did not do so until *two days after* Crow had filed a motion for the Court to appoint an arbitrator. *See* Record Document 22-4 at 3, 4. In filing her motion, Crow communicated to Walmart, albeit implicitly, that Walmart's proposed strike procedure had broken down, and she no longer agreed to the appointment of one of the proposed arbitrators. As such, the parties never had a "meeting of the minds" on the selection of an arbitrator. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (explaining that it's a "fundamental principle that arbitration is a matter of contract" and the courts "enforce them according to their terms[.]").

Because the parties did not reach an agreement, this Court has the authority to appoint an arbitrator under the terms of their contract. Record Document 9-2 at

2

18 ("The court shall appoint an arbitrator…"). The Court appoints Thomas M. Hayes, III ("Mr. Hayes") to serve as arbitrator. Mr. Hayes is a licensed attorney in the State of Louisiana who has extensive experience as an arbitrator and special master in a wide range of commercial disputes. As such, Mr. Hayes more than satisfies the requirement of the parties' arbitration agreement that he be a "licensed attorney with experience in the law underlying the dispute." Record Document 9-2 at 18. Following his appointment, Mr. Hayes will coordinate with the parties and manage further proceedings according to their arbitration agreement and this Court's prior rulings.

**DONE AND SIGNED** at Shreveport, Louisiana, this 7th day of July, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE