OTC

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

JUL 2 4 2026

DANIEL J. McCOY, CLERK
BY: [signature]

TINA A. CROW,

Plaintiff,

v. Civil Action No. 5:25-CV-01379

WALMART INC.,

Defendant.

**PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS**

Pursuant to Federal Rule of Civil Procedure 11(c), Plaintiff Tina A. Crow, appearing pro se, respectfully moves this Court for an order finding that Defendant's counsel, Andrew J. Halverson, made a false statement of fact to this Court in violation of Rule 11(b)(3).

On June 30, 2026, Plaintiff served a Rule 11 Safe Harbor Notice on Defendant's counsel identifying the false statement and the proposed motion for sanctions, providing twenty-one (21) days within which to withdraw or correct the statement. A true and correct copy of that notice is attached as Exhibit A. On July 21, 2026, at 11:47 p.m., the final hour of that period, Defendant's counsel filed a Motion for Leave to File Document, seeking leave to file a Supplemental Response restating the challenged statement as his personal "belief and understanding" rather than withdrawing it. That statement has not been withdrawn or corrected and, as of this filing, remains subject to a pending motion for leave rather than accepted of record. As explained in the

accompanying Memorandum in Support, neither the attempted filing nor its underlying content constitutes the withdrawal or correction required to avoid sanctions, and the safe harbor period expired without a cure.

As set forth in the accompanying Certificate of Conference, the parties were unable to resolve this matter without Court intervention.

Rule 11(c)(4) expressly authorizes non-monetary sanctions, including a directive that the offending party correct a filing or a finding regarding the falsity of a statement, separate and apart from any monetary sanction. To preserve judicial economy and focus solely on the integrity of these proceedings, Plaintiff expressly waives any request for monetary sanctions, costs, or fees, and asks only that the Court find and enter of record that the identified statement was false. Although the proposed motion served on Defendant's counsel on June 30, 2026 included a request for monetary sanctions, Plaintiff has since elected to waive all monetary relief and seeks only a finding of record. This narrowing reduces the relief sought and does not expand it.

In support of this Motion, Plaintiff relies upon the accompanying Memorandum in Support and Certificate of Conference, filed herewith, and the record in this matter.

WHEREFORE, Plaintiff respectfully requests that this Court GRANT this Motion and enter a finding that the statement in Defendant's Response filed June 24, 2026 — that "Crow had not — and still has not — withdrawn or revoked her offer to have Mr. Gay serve as an arbitrator" — is false and is directly contradicted by Defendant's own Exhibit 2. Plaintiff does not seek monetary sanctions, costs, or fees, and requests only this finding together with such other non-monetary relief as the Court deems just and proper.

Respectfully submitted,

Tina A. Crow

Pro Se Plaintiff

149 Olympia Drive

Sibley, Louisiana 71073

tinacrow1005@gmail.com

Dated: July 24, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2026, I served a true and correct copy of the foregoing document upon counsel for Defendant, Andrew J. Halverson, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., via electronic filing notice and/or email to andrew.halverson@ogletree.com.

Tina A. Crow