UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

DTC

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
JUL 2 4 2026
DANIEL J. McCOY, CLERK
BY:

TINA A. CROW,

Plaintiff,

v. Civil Action No. 5:25-CV-01379

WALMART INC.,

Defendant.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS**

## I. FACTUAL BACKGROUND

On June 24, 2026, Defendant filed its Response to Plaintiff's Motion for Court-Appointed Arbitrator. At page 4, Section II, Defendant represented to the Court: "Crow had not — and still has not — withdrawn or revoked her offer to have Mr. Gay serve as an arbitrator."

That same filing included Defendant's Exhibit 2, page 4 — Plaintiff's June 3, 2026 cross-elimination email — which states: "Plaintiff eliminates Fred L. Herman, E. Phelps Gay, and Cherrell S. Taplin from her own list."

Plaintiff withdrew Mr. Gay on June 3, 2026. Defendant did not purport to accept Mr. Gay until June 10, 2026. The representation in the Response is directly contradicted by Defendant's own evidence.

On June 8, 2026 — after Ms. Pilié's decision not to serve — Defendant's counsel emailed Plaintiff a narrowed list of three arbitrator candidates (Debra Neveu, Nan Alessandra, and Susan Furr) and asked Plaintiff which one she would strike. Mr. Gay's name did not appear on that list. (Def.'s Ex. 4, pp. 1, 4). This email was sent the same day that Plaintiff filed her Motion for Court-Appointed Arbitrator, and it confirms that as of June 8, 2026, Defendant's own counsel was proceeding on the understanding that Mr. Gay was no longer part of the arbitrator pool. Notably, this email is Defendant's own exhibit, submitted in support of its Response.

On June 10, 2026, Defendant's counsel proposed E. Phelps Gay as arbitrator, reaching back to Plaintiff's original May 21, 2026 list of five nominees rather than the narrowed pool remaining after the parties' June 3, 2026 cross-elimination process — a pool from which Mr. Gay had already been removed, and from which Defendant's own June 8, 2026 email confirms Mr. Gay was absent. (Def.'s Ex. 4, pp. 1, 4). On June 11, 2026, Plaintiff declined to engage further on that proposal and stated she would await the Court's ruling on her then-pending Section 5 motion. Defendant's counsel was thus aware, no later than June 3, 2026, that Mr. Gay had been withdrawn, and yet reintroduced his name a week later without acknowledging that withdrawal. (Def.'s Ex. 4, pp. 1-2, 2).

Defendant's position is also internally inconsistent: if Mr. Gay had truly never been withdrawn, Defendant does not explain how or why Denise Pilié was thereafter nominated and considered as an arbitrator candidate by the parties, or why Defendant's own June 8, 2026 narrowed list —

Defendant's Exhibit 4 — omitted Mr. Gay entirely. (Def.'s Ex. 4, pp. 1, 4). The Response's own narrative cannot be reconciled with its central factual claim.

On June 30, 2026, Plaintiff served a Rule 11 Safe Harbor Notice and this proposed motion on Defendant's counsel, giving twenty-one (21) days to withdraw or correct the false statement. The safe harbor period expired on July 21, 2026, without withdrawal or correction. On July 10, 2026, rather than curing the statement, Defendant's counsel asked Plaintiff whether she would stand down from pursuing the matter; Plaintiff declined in writing.

## II. LEGAL STANDARD

Rule 11(b)(3) requires that factual contentions have evidentiary support. By signing the Response, counsel certified that, to the best of his knowledge, information, and belief, formed after reasonable inquiry, the factual assertions therein were accurate. A violation occurs when a factual statement is knowingly false or made without reasonable evidentiary basis. Sanctions are appropriate where counsel makes a false factual assertion that is central to the argument advanced. See *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990) (Rule 11 sanctions remain available even where the underlying motion has since become moot, because the purpose of the rule — deterring baseless filings — is not extinguished by subsequent developments in the case).

Rule 11(c)(4) expressly authorizes non-monetary sanctions, including a directive that the offending party correct a filing, or a finding regarding the falsity of a statement, separate and apart from any monetary sanction. A judicial finding that a statement was false, entered as a sanction under Rule 11(c)(4), is available independent of any request for costs, fees, or a monetary penalty.

**A. Rule 11 Applies an Objective Standard; Subjective Good Faith Is No Defense**

Rule 11 measures counsel's conduct against a single *objective* standard: whether a reasonable attorney, after reasonable inquiry, could have made the representation. It does not turn on the signer's subjective good faith. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 551 (1991) (Rule 11 imposes an objective standard of reasonableness under the circumstances).

Accordingly, an attorney's assertion that he personally believed a statement to be true does not immunize the statement from sanctions. As the Seventh Circuit put it, under Rule 11 an empty head but a pure heart is no defense. *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986).

The objective standard applies with particular force where, as here, counsel had personal knowledge of the very facts he misrepresented. Counsel himself filed the document that contradicts his representation — Defendant's own Exhibit 2, Plaintiff's June 3, 2026 email withdrawing E. Phelps Gay. Where counsel possesses personal knowledge of a fact and represents the opposite, the adequacy of any pre-filing investigation is beside the point; no reasonable inquiry was needed to know what his own exhibit plainly showed.

Counsel also bears a continuing duty not to advocate a contention he knows, or has come to know, is unsupported. The Fifth Circuit has affirmed sanctions where an attorney discovered a misrepresentation and failed to correct it. *Ben E. Keith Co. v. Dining Alliance, Inc.*, 80 F.4th 695, 703 (5th Cir. 2023).

**B. The Statement Was Left Uncorrected After Notice and After the Court Acted**

The sequence of events establishes that counsel's failure to correct was knowing and continuing, not inadvertent:

1. June 3, 2026 — Plaintiff eliminated E. Phelps Gay in writing by email, stating that Plaintiff eliminates Fred L. Herman, E. Phelps Gay, and Cherrell S. Taplin from her own list. This email is Defendant's own Exhibit 2.

2. June 8, 2026 — Defendant circulated a narrowed list of three candidates (Debra Neveu, Nan Alessandra, Susan Furr), omitting Mr. Gay entirely. This is Defendant's own Exhibit 4.

3. June 10, 2026 — Defendant purported to accept Mr. Gay, one week after Plaintiff had withdrawn him.

4. June 24, 2026 — Defendant's Response represented to this Court that Crow had not — and still has not — withdrawn or revoked her offer to have Mr. Gay serve as an arbitrator. That statement was false when made and was contradicted by Defendant's own Exhibit 2, filed by counsel himself.

5. June 30, 2026 — Plaintiff served the Rule 11 Safe Harbor Notice and the proposed motion on counsel by email, identifying the false statement with specificity. From this date forward, counsel had actual notice.

6. July 7, 2026 — This Court entered its order appointing Thomas M. Hayes III as arbitrator (Doc. 27). The Court acted on a record that still contained the uncorrected statement.

7. July 10, 2026 — Counsel emailed Plaintiff asking that she stand down. He did not withdraw or correct the statement. Plaintiff declined in writing the same day, explaining that the arbitrator appointment resolved arbitrator selection but did not resolve the Safe Harbor matter.

8. July 21, 2026 — On the final day of the safe harbor period, at 11:47 p.m., Defendant's counsel filed a Motion for Leave to File Document, seeking leave to file a Supplemental Response to Defendant's Response to Plaintiff's Motion for Court-Appointed Arbitrator. The attached, proposed Supplemental Response restates the challenged statement as counsel's personal "belief and understanding" rather than withdrawing it: "Undersigned counsel's belief and understanding is Crow did not — and still has not — withdrawn or revoked her offer to have Mr. Gay serve as

an arbitrator." As of this filing, that document has not been accepted of record and remains subject to the pending motion for leave. The safe harbor period expired the same date.

Counsel thus had actual notice of the falsity for twenty-one days and allowed the original statement to stand while this Court ruled. Rule 11 exists to protect the integrity of the judicial process, not merely to punish a poorly worded sentence. Where counsel permits a tribunal to act upon a representation he knows to be false, the harm the Rule is designed to deter has occurred. Any claim of subjective belief is unavailable after June 30, 2026: whatever counsel believed when he filed the Response, he was told in writing, with the contradicting exhibit identified, and he still did not correct it.

**C. Defendant's July 21, 2026 Motion for Leave and Proposed Supplemental Response Do Not Cure the Violation**

On the last day of the safe harbor period, Defendant's counsel filed a Motion for Leave to File Document, attaching a proposed Supplemental Response that purports to "clarify and correct" the statement at issue. That filing does not withdraw the factual claim; it merely re-characterizes it as counsel's personal "belief and understanding," and, as of this Motion, has not even been accepted of record. This does not cure the violation, for at least four reasons.

First, as set forth in Section II.A, above, Rule 11 applies an objective standard. Substituting subjective belief language for a flat factual assertion is legally insufficient, because the question was never what counsel personally believed — it is whether a reasonable attorney, confronted with counsel's own Exhibit 2, could have made the original statement at all. *Business Guides*, 498 U.S. at 551; *Thornton*, 787 F.2d at 1154. A correction that trades an objectively false statement for a subjectively-framed one addresses the wording, not the underlying violation.

Second, the timing of the filing — submitted at 11:47 p.m. on the twenty-first and final day of the safe harbor period, after three weeks in which counsel took no steps to withdraw or correct the statement despite actual notice — is itself probative. A correction offered only at the last possible moment, after the safe harbor deadline had already placed counsel on notice that sanctions would follow, does not reflect the kind of voluntary, good-faith correction Rule 11(c)(4) is designed to encourage; it reflects an attempt to avoid the consequence of a deadline rather than a timely acknowledgment of error.

Third, the Supplemental Response's own explanation for the original statement is not credible on its face. Counsel there asserts he understood Plaintiff's June 3, 2026 withdrawal of Mr. Gay to have resulted from Plaintiff being confused by, or not understanding, the strike procedure. But Plaintiff's June 3 email — Defendant's own Exhibit 2 — contains no ambiguity: it identifies Mr. Gay by name among three arbitrators expressly eliminated from Plaintiff's own list. Nothing in that email reflects confusion about a procedure; it reflects an unambiguous substantive choice. Counsel's newly offered explanation is an after-the-fact rationalization that does not withstand comparison to the document counsel himself filed.

Fourth, the proposed Supplemental Response was never properly filed of record; it remains attached to a pending motion for leave, filed in the closing minutes of the safe harbor period. Counsel's motion further represents that he "assumes" Plaintiff's consent to the filing based on Plaintiff's Safe Harbor Notice, and notes that Plaintiff did not respond to a same-day email requesting consent. Plaintiff did not consent to that filing. A demand that counsel withdraw or correct a false statement under Rule 11(c)(2) is not consent to whatever filing counsel later elects to submit, and silence in response to a last-minute, same-day request is not consent under Local

Rule 7.4.1. Even accepting counsel's own characterization, the statement Plaintiff identified as false remains uncorrected and unwithdrawn of record.

For these reasons, the Motion for Leave and its attached, proposed Supplemental Response do not moot this Motion or excuse the underlying violation. They confirm, if anything, that Defendant's counsel recognized the original statement required correction — he simply waited until the final hour of the safe harbor period to attempt one, and even then declined to withdraw the substance of the claim or secure its acceptance of record.

**III. THE FALSE STATEMENT WAS MATERIAL AND SANCTIONABLE**

The challenged statement was the sole basis for Defendant's mootness argument. Without the claim that Plaintiff never withdrew Mr. Gay, Defendant could not argue that Plaintiff's own motion was moot. The falsehood was not a minor misstatement — it was the entire premise of the opposition. Counsel had Plaintiff's June 3 elimination email in Defendant's own Exhibit 2 at the time of filing, and counsel's own June 8, 2026 correspondence with Plaintiff — submitted by Defendant itself as Exhibit 4 — confirms counsel's contemporaneous understanding that Mr. Gay was not part of the active candidate pool. (Def.'s Ex. 4, pp. 1, 4). At minimum, counsel failed to conduct the reasonable inquiry into facts within counsel's own possession that Rule 11(b)(3) requires; at worst, the assertion was knowing or reckless.

Additionally, Defendant's Response accused Plaintiff of material misrepresentation regarding omitted emails, while simultaneously making a demonstrably false assertion of its own. That disparity underscores the seriousness of the conduct and the lack of reasonable inquiry behind it.

Should Defendant contend that this Motion is moot because the underlying Section 5 motion has since been resolved by the Court's July 7, 2026 order appointing an arbitrator, that contention fails under *Cooter & Gell*, supra. Rule 11's deterrent purpose applies independently of whether the challenged filing continues to affect the live issues in the case.

**IV. PROCEDURAL COMPLIANCE WITH SAFE HARBOR**

On June 30, 2026, Plaintiff served this proposed motion and a Safe Harbor Notice on Defendant's counsel via email, giving 21 days to withdraw or correct the false statement. The safe harbor period expired on July 21, 2026. As set forth in the accompanying Certificate of Conference, Defendant's counsel instead asked Plaintiff to stand down from pursuing the matter, which Plaintiff declined in writing on July 10, 2026. On July 21, 2026, at 11:47 p.m., counsel filed a Motion for Leave to File Document, attaching a proposed Supplemental Response that purports to clarify the statement rather than withdraw it; that document has not been accepted of record. As explained in Section II.C, above, neither the motion for leave nor its attached, proposed filing constitutes the withdrawal or correction contemplated by Rule 11(c)(2), and the safe harbor period expired without a cure.

**V. REQUESTED RELIEF**

To preserve judicial economy and focus solely on the integrity of these proceedings, Plaintiff expressly waives any request for monetary sanctions, costs, or fees. Although the proposed motion served on Defendant's counsel on June 30, 2026 and attached as Exhibit A included a request for monetary sanctions, Plaintiff has since elected to waive all monetary relief and seeks only a finding of record. This narrowing reduces the relief sought and does not expand it; the

conduct identified in the Safe Harbor Notice is unchanged. Plaintiff respectfully requests that the Court:

- Find that the statement in Defendant's Response — "Crow had not — and still has not — withdrawn or revoked her offer to have Mr. Gay serve as an arbitrator" — is false and is directly contradicted by Defendant's own Exhibit 2;
- Enter that finding of record pursuant to Rule 11(c)(4); and
- Grant such other non-monetary relief as the Court deems just and proper.

Respectfully submitted,

Tina A. Crow
Pro Se Plaintiff
149 Olympia Drive
Sibley, Louisiana 71073
tinacrow1005@gmail.com

Dated: July 24, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I served a true and correct copy of the foregoing document upon counsel for Defendant, Andrew J. Halverson, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., via electronic filing notice and/or email to andrew.halverson@ogletree.com.

Tina A. Crow