**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| TINA CROW | CIVIL ACTION NO. 25-1379 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| WALMART, INC. | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM RULING

The plaintiff, Tina Crow ("Crow"), who represents herself, filed a Motion for Rule 11 Sanctions against Andrew J. Halverson ("Halverson"), counsel for the defendant, Walmart, Inc. ("Walmart"). Record Document 32. Halverson received an extension of time to respond. Record Document 35. But before his response deadline had passed, Crow filed a second motion titled Motion to Submit Motion for Sanctions to the Court without Opposition, asking that her first motion be granted. Record Document 37. Halverson later filed a timely response to Crow's motions. Record Document 38. For the following reasons, the Motion for Rule 11 Sanctions, Record Document 32, and the Motion to Submit Motion for Sanctions to the Court without Opposition, Record Document 37, are **DENIED**.

## Background

Crow worked as a contractor for "Spark Driver," an app-based delivery platform hosted by Walmart. *See* Record Document 1 at 5. Crow filed a complaint against Walmart alleging that it "wrongfully deactivated" her "driver account" and, thus, deprived her of income. *Id.* When Crow signed up for the Spark Driver platform,

she entered into an arbitration agreement with Walmart. Record Document 9-2 at 3. Accordingly, the undersigned entered an order staying this litigation and compelling the parties to arbitrate their dispute. Record Document 19.

After that order, the parties tried to choose an arbitrator. Halverson, on Walmart's behalf, traded emails with Crow as they wrangled over their selection. *See* Record Documents 22-1, 22-2. The two eventually agreed that each would propose a list of five arbitrators. Record Document 22-1 at 3. Crow provided her list first:

> Per your email directing the parties to the LSBA 2025 ADR Directory, below are my five arbitrator nominees for Case No. 5:25-cv-01379-AVH-MLH:
>
> 1. Chief Justice Bernette Joshua Johnson (Ret.) — MAPS
> resolutions@maps-adr.com | (800) 443-7351
> 2. Fred L. Herman — Herman & Young, APLC
> fred@hermanandyoung.com | (504) 581-7068
> 3. Bobby M. Harges — MAPS
> resolutions@maps-adr.com | (800) 443-7351
> 4. E. Phelps Gay — Patterson Resolution Group
> ephelpsgay@gmail.com | (504) 914-7751
> 5. Cherrell S. Taplin — MAPS
> resolutions@maps-adr.com | (800) 443-7351
>
> All five are listed in the LSBA 2025 ADR Directory.
>
> Thank you,
>
> Tina Crow
> Plaintiff, Pro Se

Halverson then sent Crow his own list. But none of their choices overlapped, so he also proposed a strike procedure:

Good morning, Ms. Crow:

Here are the arbitrators we propose. The first four can be found in the La ADR directory that I sent you. While Debra Neveu is not in that directory, I know she conducts arbitrations through the AAA, as she was proposed recently by the AAA as an arbitrator in another matter I am handling.

I have provided the arbitration organizations each person associates with, as well as links to each person. Ms. Neveu appears not to actively maintain her LinkedIn page, and so I have provided Ms. Neveu's resume.

Susan W. Furr (Perry Dampf)
Nan Alessandra (AAA)
Denise Pilie (AAA)
Debra Simmons Neveu (AAA)

There was a fifth candidate I was going to propose but learned he no longer does arbitrations.

We will review your list of proposed arbitrators. Since our lists do not overlap, I propose that we narrow down the selection by eliminating all but two people from each other's lists. In essence, you eliminate two arbitrators we proposed, and we'll eliminate three arbitrators you proposed, thereby narrowing it down to a pool of four candidates (two from your list and two from our list).

Thanks,

**Andrew J. Halverson | Ogletree Deakins**
325 Settlers Trace Boulevard, Suite 201 | Lafayette, LA 70508 | Telephone: 337-769-6586
andrew.halverson@ogletree.com | www.ogletree.com | Bio

Crow seemed to misunderstand the procedure, though. Because she struck both Walmart's candidates *and* her own.

Plaintiff eliminates Fred L. Herman, E. Phelps Gay, and Cherrell S. Taplin from her own list.

The Current Pool:

- Denise M. Pilie
- Chief Justice Bernette Joshua Johnson (Ret.)
- Bobby M. Harges

Plaintiff requests Walmart confirm which of the three remaining candidates is acceptable to proceed as the arbitrator in this matter.

Respectfully,

Tina A. Crow
Pro Se Plaintiff

Halverson tried to clear up the confusion, explaining:

On Wed, Jun 3, 2026 at 9:06 AM Halverson, Andrew J. <andrew.halverson@ogletree.com> wrote:

Hi Ms. Crow,

I apologize if my prior email was not as clear as it needed to be. Here's the procedure:

1. You strike two people form Walmart's list (leaving the other two). Walmart will strike three from your list.
2. You do not need to eliminate any from your list.
3. You do not need to provide reasons for striking either.

Crow chose not to redo the strikes again. Instead, she selected a candidate from Walmart's list to serve as arbitrator.

Dear Mr. Halverson,

Plaintiff is prepared to move forward with Denise Pilie as the arbitrator. She appears on Walmart's own list of nominees and Plaintiff accepts her. We only need one arbitrator. If Walmart agrees we can conclude arbitrator selection now and proceed to the next step.

Respectfully,
Tina A. Crow
Pro Se Plaintiff

But after the parties agreed on Denise Pilie ("Ms. Pilie"), she declined the appointment. Record Document 22-3 at 1. The same day Ms. Pilie declined, June 8, 2026, Crow filed a Motion for Court Appointed Arbitrator. Record Document 28. Walmart, through Halverson, opposed that motion. Record Document 22.

In opposition, Walmart argued that the motion was moot because it agreed to the appointment of one of Crow's candidates, E. Phelps Gay ("Mr. Gay"). Record Document 22 at 1. Walmart attached their correspondence and then represented:

"Crow had not – and still has not – withdrawn or revoked her offer to have Mr. Gay serve as an arbitrator." *Id.* at 4. That statement prompted the present motion.

The Court granted the Motion for Court Appointed Arbitrator, naming Thomas M. Hayes, III. Record Document 28. In its memorandum ruling, the undersigned reasoned that the parties never had a "meeting of the minds" on the selection of Mr. Gay. Record Document 27 at 3. The memorandum ruling, notably, did not rely on Crow's "self-strike" of Mr. Gay to find that no agreement occurred. *See generally id.* Nor did it need to. As the memorandum ruling explained, "[i]n filing her motion, Crow communicated to Walmart, albeit implicitly, that Walmart's proposed strike procedure had broken down, and she no longer agreed to the appointment of one of the proposed arbitrators." *Id.*

Several weeks later, Crow moved for Rule 11 Sanctions, arguing that Halverson made a false statement he knew to be false. Record Document 32. The statement was a lie, according to Crow, because she had self-struck Mr. Gay, and Halverson knew it because he attached their correspondence to his opposition. Record Document 32-2 at 4.

## Analysis

Federal Rule of Civil Procedure 11 requires that "attorneys certify to the best of their knowledge that 'allegations and other factual contentions submitted to the court have evidentiary support.'" *Jenkins v. Meth. Hosp. of Dallas, Inc.*, 478 F.3d 255, 263-64 (5th Cir. 2007)(quoting Fed. R. Civ. P. 11(b)(3)). The United States Court of Appeals for the Fifth Circuit held that "an objective, not subjective, standard of

reasonableness" applies to an attorney's conduct. *Id.* Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." *Laughlin v. Reed*, No. 95-2577, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997) (citing *Conn v. Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992)).

Halverson's statement that Crow had not withdrawn her nomination of Mr. Gay does not warrant sanctions. Halverson later explained that the statement rested on his belief that Crow had mistakenly struck Mr. Gay, one of her own nominees, only because she misunderstood the strike procedure. Record Document 31 at 4. In his words, "undersigned counsel understood Crow's 'withdrawal' of Mr. Gay arose from her confusion of the strike process, and undersigned counsel further believed the parties were continuing forward with the strike process with Mr. Gay still under consideration." *Id.*

That belief was objectively reasonable. After the parties each nominated five arbitrators and none of them matched, Halverson proposed a strike procedure. Record Document 22-1 at 2. Each would strike names from other's list to narrow the field before negotiating further. *Id.* Crow apparently misunderstood, though, because she struck names from her own list, not just Walmart's. Record Document 22-2 at 4. A party would not ordinarily strike her own nominees, like Crow had done, unless she had been confused about the process. Halverson reasonably understood Crow's strikes to mean as much. The Court, too, was unsure that Crow meant to strike her own nominees, and for that reason, it did not rely on her self-strike in ruling on the

motion for a court appointed arbitrator. Given the confusion that Crow's strikes created, Halverson had an objectively reasonable basis for his statement.

**Conclusion**

For the foregoing reasons, the Motion for Rule 11 Sanctions, Record Document 32, and the Motion to Submit Motion for Sanctions to the Court without Opposition, Record Document 37, are **DENIED**. A separate order will accompany this memorandum ruling.

**DONE AND SIGNED** at Shreveport, Louisiana, this 15th day of October, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE